IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CLARENCE E. MASON                                                                               PLAINTIFF
ADC #154088

v.                                              3:20-cv-00081-DPM-JJV

SUSAN DUFFEL, Nurse, Poinsett
County Detention Center; *et al.*                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Clarence E. Mason ("Plaintiff"), currently an inmate at the Ouachita River Unit of the Arkansas Division of Correction, sued the Poinsett County Detention Center ("Detention Center") and Susan Duffel, a nurse who provided services to Plaintiff during his time at the Detention Center; Plaintiff made official-capacity claims only. (Doc. No. 4.) Plaintiff's claims against the Detention Center were dismissed on screening, as were his failure to supervise claims and claims

regarding non-nursing staff distributing medication. (Doc. Nos. 4, 9, 12.) Plaintiff's claim that the Detention Center has a policy of improperly monitoring his diabetes was served. (Doc. Nos. 9, 11.)

Defendant Duffel has now filed a Motion for Summary Judgment (Doc. Nos. 25-27.) Plaintiff has not responded to the motion and the time for doing so has passed; this matter is ripe for a decision. After careful consideration, and for the reasons set out below, I recommend Defendant Duffel's Motion be granted and Plaintiff's claims be dismissed with prejudice.

## II.    STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material

will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III. ANALYSIS**

At the time of the events giving rise to this case, Plaintiff was in custody in the Detention Center. (Doc. No. 4 at 3.) Plaintiff alleged the Detention Center did not properly monitor his diabetes. (*Id*. at 4-6.) Specifically, he alleged his blood sugar was not properly monitored, he should be taking medicine and given diabetic snacks/glucose pills, and that his caloric intake should be reviewed (*Id*. at 6.)

Plaintiff was in custody on an alleged probation violation at the time he filed suit. (*Id*. at 3.) Prison officials are under a constitutional duty to provide medical care to prisoners. *See Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (internal citation omitted). Denial of a prisoner's medical care falls under the Eighth Amendment's deliberate indifference standard. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). The "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Dadd v. Anoka County*, 827 F.3d 749, 755 (8th Cir. 2016) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th 2009).

I note at the outset that Plaintiff has not filed a response to Defendant Duffel's Motion. He has not controverted any material fact set forth by Defendant Duffel in her statement of undisputed material facts. Accordingly, all material facts submitted by Defendant Duffel (Doc. No. 26) are deemed admitted. Local Rule 56.1(c) of the Eastern and Western Districts of Arkansas; FED. R. CIV. P. 56(e).

While Plaintiff claims the Detention Center had a policy of improperly monitoring his diabetes, Defendant Duffel has come forward with evidence establishing otherwise. (Doc. Nos. 26-1, 26-2.) Defendant Duffel saw Plaintiff on February 21, 2020 in response to a grievance he filed the day before. (Doc. No. 26-1 at 51; Doc. No. 26-2 at 1-2.) In the grievance, Plaintiff complained that his mouth was sore, he could not eat, and his right hand was numb. (Doc. No. 26-1 at 51.) During the February 21 visit, Plaintiff informed Defendant Duffel that he had diabetes. (Doc. No. 26-2 at 1-2.) Before the visit, Defendant Duffel was not aware of Plaintiff's condition. (*Id*.) Upon learning of Plaintiff's illness, Defendant Duffel moved Plaintiff to the front to monitor his fasting blood sugar levels and determine if he needed treatment. (Doc. No. 26-1 at 51; Doc. No. 26-2 at 1-2.)

While Plaintiff was in the front, his blood sugar level was checked each day for five consecutive days; his blood sugar levels were in normal range. (Doc. No. 26-2 at 2.) At the time, Plaintiff made no complaints about the way his blood sugar was monitored. (*Id*.) After consultation with the doctor, who declined to prescribe Plaintiff medication, Defendant Duffel determined Plaintiff did not need medication or other diabetes-related treatment. (*Id*.)

In early March, Plaintiff filed a medical request complaining of numbness in his right arm. (Doc. No. 26-1 at 52; Doc. No. 26-2 at 2.) As a result, Defendant Duffel ordered and reviewed Plaintiff's Arkansas Department of Correction medical records. (Doc. No. 26-2 at 2-3.) The records revealed Plaintiff had not been on diabetes medication for the past two years. (*Id*. at 3.)

Plaintiff did not make any other diabetes-related complaints or requests during his time at the Detention Center, including requests for diabetic snacks.  (*Id*.)   Further, Plaintiff's blood sugar levels indicated Plaintiff did not need diabetic snacks.  (*Id*.)

Considering the evidence and facts not in dispute, Plaintiff has not established the Detention Center had a policy of improperly monitoring his diabetes.   Where, as here, Defendant Duffel has moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" *Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).   Because Plaintiff has not come forward with proof that there was, in fact, such a policy, summary judgment in Defendant Duffel's favor is appropriate.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Duffel's Motion for Summary Judgment (Doc. No. 25) be GRANTED.

2. Plaintiff's claims against Defendant Duffel be DISMISSED with prejudice.

3. Plaintiff's Complaint, as amended (Doc. No. 4) be DISMISSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 12th day of January 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE